UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:12CV-P229-C

RICKEY L. JOHNSON                                                                                      PLAINTIFF

v.

DONNA HOOPER *et al.*                                                                              DEFENDANTS

### MEMORANDUM OPINION AND ORDER

The plaintiff, Rickey L. Johnson, filed this 42 U.S.C. § 1983 action without the assistance of counsel. He is proceeding without the prepayment of the filing fee. In the complaint, the plaintiff listed as defendants Donna Hooper and ARNP Sandra Kuhbander. After filing his complaint and before the initial review was conducted in accordance with 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), the plaintiff filed eleven motions. In several of the motions, the plaintiff alleged new facts and claims and made allegations against individuals who are not named as defendants in his complaint. Because it appeared that he intended to bring new claims and/or add defendants, by order entered September 11, 2012, the court directed the plaintiff to file an amended complaint and to include all claims he wished to assert and all parties against whom he wished to proceed. That order also warned the plaintiff that "if he fails to file an amended complaint within 21 days the court will conduct the initial review of the complaint as it was filed."

The plaintiff filed an amended complaint on September 26, 2012. The

amended complaint lists as defendants Pauline S. Kuhbander, "Jane doe-Donna Hooper," and CorrectCare Integrated Health (CorrectCare).  However, it contains no statement of the plaintiff's claims.  The plaintiff did, however, amend his prayer for relief.  The court therefore construes the amended complaint as seeking to add CorrectCare as a defendant and to amend the prayer for relief.  The court will otherwise conduct the initial review of the plaintiff's original complaint as it was filed.

I.

Johnson is an inmate at the Kentucky State Reformatory (KSR).  He identifies Pauline S. Kuhbander[1] as an "ARNP Medical" at KSR, "Jane doe-Donna Hooper" as a prison guard at KSR, and CorrectCare as "ARNP Service" at KSR.  He sues Kuhbander and Hooper in their individual and official capacities.

Johnson states that on May 5, 2010, he fell in the KSR kitchen and suffered third-degree burns and lower-back injuries.  He states that he received treatment for the burns but not for his back injuries.  With respect to Kuhbander, he states as follows:

> ARNP Sandra Kuhbander of Dorm 12 Medical Clinic at the Kentucky State Reformatory would only treat the burns caused by the boiling hot water my medical provider refused to order an x-ray or MRI. I Plaintiff was denied any treatment for my lower back for nine month period of time. I now suffer with irrepairable nervous system damage because my fall injuries were not treated soon enough.

---

[1] The plaintiff has identified Kuhbander in his filings as both Pauline Kuhbander and Sandra Kuhbander.  The court presumes they are the same person.

He alleges that Kuhbander committed "medical malpractice failure to treat a serious medical need caused plaintiff lifelong physical handicap." He further states, "MRI taken January 19, 2012 is proof that plaintiff suffered actual injuries because of non treatment by my medical provider." He asserts that the denial of treatment violated the Eighth and Fourteenth Amendments to the United States Constitution.

Johnson states that he also suffers bowel and bladder malfunction "because of irrepairable nervous system damage caused by the spinal cord injuries that plaintff sustained." He further states, "Delay in medical treatment for serious medical need by ARNP Pauline Sandra Kuhbander and prison guard Jane Doe offers plaintiff possibility of lifelong handicap."

The plaintiff further states the following:

Plaintiff asserts his Fourteenth Amendment of the Constitution was violated on the grounds that equal protection of the law was not granted for 42 USC 1983 civil petition involving a prison guard who denied a state inmate an accident report and refused to acknowledge the existence of plaintiff's work related injuries that occurred May 5, 2010 at her assigned post supervisory sgt food service department dinning area at the Kentucky State Reformatory.

As relief, Johnson seeks monetary damages, punitive damages, and injunctive relief.

## II.

When a prisoner initiates a civil action against a governmental entity, officer, or employee, the trial court must review the complaint and dismiss it, or any portion of it, if the court determines that it is frivolous or malicious, fails to state a

3

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will

not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty does not require the court "to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

**A.  Official-capacity claims and claim against CorrectCare**

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'"  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).  Because Hooper, a KSR prison guard, is an employee of the Commonwealth of Kentucky, the claim brought against her in her official capacity is deemed a claim against the Commonwealth of Kentucky.  *See*

5

*Kentucky v. Graham*, 473 U.S. at 166.  State officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Thus, because the plaintiff seeks money damages from a state employee in her official capacity, he fails to allege a cognizable claim under § 1983.  Additionally, the Eleventh Amendment acts as a bar to a claim for monetary damages against Hooper in her official capacity.  *Kentucky v. Graham*, 473 U.S. at 169.

Therefore, Johnson's official-capacity claim for damages against Hooper will be dismissed for failure to state a claim upon which relief can be granted and for seeking monetary relief from a defendant who is immune from such relief.

Johnson alleges that Kuhbander is an employee of CorrectCare.  Thus, a claim against her is actually a claim against CorrectCare.  The same analysis that applies to a § 1983 claim against a municipality applies to a § 1983 claim against a private corporation like CorrectCare.[2]  *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well.").  "[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983

---

[2] "[A] private entity which contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting 'under color of state law.'" *Hicks v. Frey,* 992 F.2d 1450, 1458 (6th Cir. 1993) (quoting *West v. Atkins*, 487 U.S. 42, 54 (1988)).  CorrectCare has apparently contracted with the Kentucky Department of Corrections to provide medical services to inmates at KSR.

on a *respondeat superior* theory." *Monell*, 436 U.S. at 691.  A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.  *Id*.  Thus, liability of a contracted private entity must be based on a policy or custom of the entity.  *Street v. Corr. Corp. of Am.*, 102 F.3d at 818; *see also Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001) ("CMS's [Correctional Medical Systems, Inc.,] liability must also be premised on some policy that caused a deprivation of [plaintiff's] Eighth Amendment rights.").

Because Johnson does not allege that Kuhbander acted pursuant to policy or custom on the part of CorrectCare regarding his medical care, the allegations in the complaint and amended complaint fail to state a claim against Kuhbander in her official capacity.  These same reasons require dismissal of CorrectCare as a defendant.  Accordingly, these claims will be dismissed.

B.     **Fourteenth Amendment claims**

1.     **Equal Protection**

The original complaint's statement of the claim contains no allegations against Hooper.  However, it alleges facts concerning "Jane Doe," a prison guard at KSR. In the amended complaint, the plaintiff identifies Hooper as "Jane doe-Donna Hooper" and states that she is a prison guard.  The court therefore presumes that

the allegations against Jane Doe[3] are against Hooper.  Johnson claims that Hooper denied him equal protection of the law when she denied him an "accident report and refused to acknowledge the existence of plaintiff's work related injuries that occurred May 5, 2010 at her assigned post supervisory sgt food service department dinning area" at KSR.

However, to sustain an equal protection claim, a plaintiff must allege, in part, that the defendant intentionally discriminated against him because he was a member of a protected class.  *McClesky v. Kemp*, 481 U.S. 279, 292 (1987); *Purisch v. Tenn. Tech. Univ.*, 76 F.3d 1414, 1424 (6th Cir. 1996).  Johnson has not alleged that he is a member of any protected class or that the wrongful conduct was intentionally taken against him because of his membership in a protected class. Therefore, his Equal Protection claim will be dismissed for failure to state a claim upon which relief may be granted.

    **2.**    **Cruel and Unusual Punishment**

"[S]tate pretrial detainees are shielded from cruel and unusual punishments by the Fourteenth Amendment's Due Process Clause, which provides similar if not greater protections than the Cruel and Unusual Punishments Clause" found in the Eighth Amendment.  *Spencer v. Bouchard*, 449 F.3d 721, 727 (6th Cir. 2006) (footnote and citations omitted).  Here, however, Johnson is a convicted inmate,

---

[3] A John or Jane Doe defendant should be named only when the plaintiff does not know the name of a defendant but wishes to make specific allegations against that individual.

and not a pretrial detainee. Consequently, his right against cruel and unusual punishment is protected by the Eighth Amendment, not the Fourteenth Amendment. The plaintiff's Fourteenth Amendment claim regarding his medical care will therefore be dismissed for failure to state a claim upon which relief may be granted.

**C.     Eighth Amendment and medical malpractice claims**

Johnson claims that a delay in medical treatment for injuries to his back by Kuhbander and Hooper[4] caused him irreparable injury. Johnson's claim may proceed for denial of medical treatment under the Eighth Amendment against Kuhbander and Hooper in their individual capacities for damages and injunctive relief and against Hooper in her official capacity for injunctive relief. His state-law medical malpractice claim against Kuhbander may also proceed.

**IV.**

For the foregoing reasons, **IT IS ORDERED** that the plaintiff's § 1983 official-capacity claim against Hooper for damages is **DISMISSED** pursuant to 28 U.S.C. §§ 1915A(b)(1) and (2) for failure to state a claim upon which relief may be granted and for seeking monetary damages from a defendant who is immune from such relief.

**IT IS FURTHER ORDERED** that the Johnson's § 1983 claims against

---

[4]The complaint states, "Delay in medical treatment for serious medical need by ARNP Pauline Sandra Kuhbander and prison guard Jane Doe offers plaintiff possibility of lifelong handicap." For the reasons stated previously, the court presumes that Jane Doe is Hooper.

Kuhbander in her official capacity and against CorrectCare are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Johnson's Fourteenth Amendment claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Because no claims remain against CorrectCare, the clerk of court is **DIRECTED** to **terminate** that party from the action.

The court will enter a separate scheduling order governing the development of the claims that have been permitted to proceed.

The clerk of court is **DIRECTED** to send a copy of this memorandum and order to the plaintiff, the defendants, and General Counsel of the Justice and Public Safety Cabinet.

Signed on  December 14, 2012

**Jennifer B. Coffman, Judge**
**United States District Court**